FILED

UNITED STATES DISTRICT COURT
For The
MIDDLE DISTRICT OF FLORIDA
(Ft. Myers Div.)

2017 JUN 20  PM 12: 20

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

Case No. _____

MICHAEL PAPPALARDO, (An Individual)

(Plaintiff)

vs.

2:17-CV-346-FtM-99CM

SAMANTHA STEVINS, ESQ. (An
Individual) GREEN LIFE MEDICINALS LLC
(A Florida Company), & GREEN LIFE
PATENTS LLC, (A Florida Company)

(Defendant(s)

## COMPLAINT FOR EQUITABLE AND DECLARATORY RELIEF & DEMAND FOR JURY TRIAL

The Plaintiff, Michael F. Pappalardo, (hereinafter also "PAPPALARDO" or "INVENTOR"), , by counsel, alleges for his Complaint, against the Defendants, Samantha Stevins, Esq., ("STEVINS") Green Life Medicinals LLC, ("GLM" or "OPERATING COMPANY" & Green Life Patents LLC, ("GLP" or "HOLDING COMPANY"), upon knowledge, with respect to his own acts, and upon information and belief, as to all other matters, as follows:

### Nature of the Action

The instant Complaint seeks a judicial annulment and/or dissolution of the Defendants, Green Life Medicinals LLC, & Green Life Patents LLC (also "GLP") under FL Stat. §605.0702(1)(b), including subparagraphs (b)(1) -(5); and, a declaration, under *Fla Stat §86.011* et seq., that (a) the Defendant, STEVINS is not entitled to claim co-inventorship to the PAPPALARDO inventions; (b) the Declaration of co-inventorship by STEVINS was fraudulent, and in violation of 28 USC 2001; and (c) all actions initiated by STEVINS, relative to the transfer

1

of assets from Green Life Medicinals LLC to Green Life Patents LLC, were fraudulent and, therefore, void under §605.0702(1)(b)(4)

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), 28 USC 1332 (diversity of citizenship), 28 U.S.C. §1338 (patent laws of the United States), 28 U.S.C. §1367 (supplemental jurisdiction), and principals of ancillary and pendent jurisdiction.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), §1391(c), and otherwise because, among other things, both the Defendants, personally resides in this judicial district.  Moreover, the corporate Defendants, have their principal place of business in this judicial district, and a substantial part of the events, or omissions, giving rise to this action occurred in this judicial district.

## Parties

3.      The Plaintiff, Michael F. Pappalardo, is an individual, residing in Hawley, Pennsyslania.  Mr. Pappalardo is the co-founder of the Defendant, Green Life Medicinals LLC & Green Life Patents LLC; and, the sole inventor the subject matter of US patent application SN 15/275,597 (filed September 26, 2017).  Mr. Pappalardo's CV is annexed hereto as **Exhibit "1".**

4.      Green Life Medicinals LLC (also "GLM") is a Florida Limited Liability company, co-founded by PAPPALARDO & STEVINS on May 12, 2016; and, having its principle place of business in city of Naples, Collier County, Florida.   The *Articles of Organization of Green Life Medicinals LLC* are annexed hereto as **Exhibit "2".**

5.      Green Life Patents LLC (also "GLP") is a Florida Limited Liability company, co-founded by PAPPALARDO & STEVINS on May 12, 2016, having its principle place of business

2

in city of Naples, Collier County, Florida.   The *Articles of Organization of Green Life Patents LLC* are annexed hereto as **Exhibit "3".**

6.    Smantha Stevins is an atttorney admitted to practice in Florida, having offices in Ft. Myers and Naples, Florida.   Ms. Stevins education, credentials and professional experience is summarized in her *on-line Bio*, which is annexed hereto as **Exhibit "4".**

## Background Facts

7.    The Plaintiff, PAPPALARDO, has over his entire professional career, which  has spanned more than twenty-five (25) years, been involved, in the pharmaceutical industry.   More specifically, since 1992, (from date of receipt of his BS degree), he was employed intitailly as a *Research Scientist*, in *Pharmaceutical Development*; and, thereafter, as a *Product Manager*, for international drug companies engaged in the development of proprietary pharmaceutical products, specifically, solid, (tablets and powder), and liquid drug formulations.

8.    The Defendant, STEVINS, is an attorney admitted to practice in Florida.   Upon information and belief, STEVINS does not have, as result of her eduction and experience, any technical competence pertaining to the development of proprietary pharmaceutical products, specifically, solid, (tablets and powder), and liquid drug formulations.

9.    In May 2016, PAPPALARDO met STEVINS at a pharmaceutical products trade show, where PAPPALARDO disclosed to STEVINS his product concept for a pharmaceutical product, and his desire to commercialize same.

10.    At this May 2016, meeting, and in subsquent meetings/communications thereafter, STEVINS represented to PAPPALARDO that she had access to funding from her network of investors, who were looking for technology based investments in the pharma technology space, which was false.

3

11.    In reliance upon the foregoing STEVINS representation of her network of investors, who were looking for technology based investments in the pharma technology space, PAPPALARDO agreed to enter into to a business relationship with STEVINS.

12.    In reliance upon the foregoing STEVINS representation of her network of investors, who were looking for technology based investments in the pharma technology space, PAPPALARDO agreed to disclose his product concept ("Invention"), for a pharmaceutical product, and to pursue the filing of a patent application, with a patent attorney selected by STEVINS.

13.    In reliance upon the foregoing STEVINS representation of her network of investors, who were looking for technology based investments in the pharma technology space, PAPPALARDO, agreed to the filing of a patent application, which named STEVINS as co-inventor.

14.    In reliance upon the foregoing STEVINS representation of her network of investors, who were looking for technology based investments in the pharma technology space, PAPPALARDO agreed to the assignment of the patent application for his invention, to Green Life Medicinals LLC (also "GLM").

15.    Since the deadlock in the management of the Green Life Medicinals LLC, STEVINS has engaged in a calculated course of conduct to strip Green Life Medicinals LLC of its assets, by the fraudulent transfer of the sole corporate asset, the patent application for the PAPPALARDO Invention, to another company; and, the spoliation of evidence, in the comcealment of her fraud, by the deletion of the PAPPALARDO emails from the PAPPALARDO corporate mailbox on Green Life Medicinals LLC,.

4

## COUNT I
### (Judicial Dissolution – Green Life Patents LLC)

16.    PAPPALARDO herein incorporates by reference Paragraphs 3-15, inclusive, as if restated herein, and alleges further:

17.    At all times material hereto, Green Life Medicinals LLC (also "GLM") is subject to the Florida statutes, pertaining to the formation, operation and dissolution of a Limited Liability Company, including *Fla Stat. §605.0702(2)*.

18.    At all times material hereto, Green Life Patents LLC (also "GLP") is subject to the Florida statutes, pertaining to the formation, operation and dissolution of a Limited Liability Company, including *Fla Stat. §605.0702(2)*.

19.    Each of PAPPALARDO and STEVINS are co-equal owners of Green Life Medicinals LLC **(Exhibit "2")**.

20.    Each of PAPPALARDO and STEVINS are co-equal owners of Green Life Patents LLC **(Exhibit "3")**..

21.    Upon information and belief, each of PAPPALARDO and STEVINS, have failed to make any Initial Capital Contribution for their respective capital interests in Green Life Medicinals LLC (also "GLM"); and, thus, their respective interests in the Green Life Medicinals LLC (also "GLM"), including their authorization to manage and/or control the operation of Green Life Medicinals LLC (also "GLM"), is and remains inchohate and unperfected.

22.    Upon information and belief, as of the date of the filing of the instant Complaint, the STEVINS network of investors have no interest in the funding of the development of the PAPPALARDO invention, or in funding the Green Life Medicinals LLC (also "GLM") for development of the PAPPALARDO invention.

23.    Upon information and belief, as of the date of the filing of the instant Complaint, no funds have been committed, contributed or are otherwise available, for the funding of the development of the PAPPALARDO invention, or the funding the Green Life Medicinals LLC (also "GLM") for development of the PAPPALARDO invention

24.    As a direct and proximate failure to capitalize Green Life Medicinals LLC, as set forth Paragraphs 21 to 23, inclusive, each of PAPPALARDO and STEVINS have irreconcilable differences as to the management, and continued existence, of Green Life Medicinals LLC;

25.    As a direct and proximate failure to capitalize Green Life Medicinals LLC, as set forth Paragraphs 21 to 23, the company's only asset, the PAPPALARDO invention, and the corresponding patent application, shall be wasted.

26.    PAPPALARDO past efforts to resolve the deadlock in the management of Green Life Medicinals LLC, have been rejected by STEVINS.

WHEREFORE, the PAPPALARDO requests the Court instruct the jury to find that management of Green Life Medicinals LLC (also "GLM") is deadlocked, cannot manage it activities and affairs; and thereupon enter an Order directing its dissolution.

## COUNT II
### Declaratory Judgment

27.    PAPPALARDO herein incorporates by reference Paragraphs 3-15, inclusive, as if restated herein, and alleges further:

28.    The subject matter, ("PAPPALARDO Invention" or "Invention"), of US patent application SN 15/275,597 (filed September 26, 2017), was conceived by PAPPALARDO, prior to his first meeting with STEVINS in May 2016; and, was his sole and exclusive intellectual property.

6

23.    Upon information and belief, as of the date of the filing of the instant Complaint, no funds have been committed, contributed or are otherwise available, for the funding of the development of the PAPPALARDO invention, or the funding the Green Life Medicinals LLC (also "GLM") for development of the PAPPALARDO invention

24.    As a direct and proximate failure to capitalize Green Life Medicinals LLC, as set forth Paragraphs 21 to 23, inclusive, each of PAPPALARDO and STEVINS have irreconcilable differences as to the management, and continued existence, of Green Life Medicinals LLC;

25.    As a direct and proximate failure to capitalize Green Life Medicinals LLC, as set forth Paragraphs 21 to 23, the company's only asset, the PAPPALARDO invention, and the corresponding patent application, shall be wasted.

26.    PAPPALARDO past efforts to resolve the deadlock in the management of Green Life Medicinals LLC, have been rejected by STEVINS.

WHEREFORE, the PAPPALARDO requests the Court instruct the jury to find that management of Green Life Medicinals LLC (also "GLM") is deadlocked, cannot manage it activities and affairs; and thereupon enter an Order directing its dissolution.

## COUNT II
### Declaratory Judgment

27.    PAPPALARDO herein incorporates by reference Paragraphs 3-15, inclusive, as if restated herein, and alleges further:

28.    The aubject matter, ("PAPPALARDO Invention" or "Invention"), of US patent application SN 15/275,597 (filed September 26, 2017), was conceived by PAPPALARDO, prior to his first meeting with STEVINS in May 2016; and, was his sole and exclusive intellectual property.

6

29.    PAPPALARDO was advised by STEVINS, and confirmed by the patent attorney selected by her, that STEVINS contribution to the attorney fees for the prepsration and filing of a patent application for the PAPPALARDO product concept, required her to be named as a co-inventor, which was false.

30.    PAPPALARDO was induced by STEVINS, to assigned the PAPPALARDO Invention, and the corresponding of US patent application SN 15/275,597 (filed September 26, 2017 to Green Life Medicinals LLC, based upon her representation and assurances by STEVINS that (a) she represented a network of investors; (b) her network of investors included individuals who were looking for technology based investments in the pharma technology space; (c) she was authorized to prospect and identify for investment opportunities for her network of investors, and (d) had been successful in obtaining investment in companies, and individuals, by her network of investors, which representations were false, PAPPALARDO assignement of Invention, and corresponding of US patent application SN 15/275,597, annexed hereto as **Exhibit "5"**

31.    But for the STEVINS' representations and assurance, as set forth in Paragraph 30, PAPPALARDO would not have assigned of the PAPPALARDO Invention, and corresponding of US patent application SN 15/275,597, to Green Life Medicinals LLC.

32.    Green Life Medicinals LLC is without any resources to finance the development and commercialization of the PAPPALARDO Invention.

33.    PAPPALARDO has attempted to dissociate himeself from Green Life Medicinals LLC, and recover his intellectual property (Invention) and cancel his assignment thereof, to no avial.

7

34.    STEVINS has, since the deadlock in the management of Green Life Medicinals LLC, transferred the US patent application SN 15/275,597, from Green Life Medicinals LLC to Green Life Patents LLC, Assignment to Green Life Patents LLC annexed hereto as **Exhibit "6"**.

35.    Thus, there exists an actual and justiciable controversy between the parties concerning the validity of assignement of the PAPPALARDO intellectual property, (Invention & corresponding patent applicatoin), to Green Life Medicinals LLC.

WHEREFORE, PAPPALARDO request the Court finda and declaration that

(a)    The assignment of a US patent application SN 15/275,597 (filed September 26, 2017), from PAPPALARDO, to Green Life Medicinals LLC, is void, as having been induced by fraud.

(b)    The STEVINS *Declaration* of inventorship, annexed to US patent application SN 15/275,597, is fraudulent, as being in violation of *28 USC §2001*, and, thus, threatens the validity and enforceability of any patent issuing on US patent application SN 15/275,597; and

(c)    The assignment US patent application SN 15/275,597, from Green Life Medicinals LLC to Green Life Patents LLC, as void *ab initio*.

<u>JURY TRIAL DEMAND</u>

PAPPALARDO herein demands a Jury Trial, as to all factual matters, raised by the allegations in this Complaint, and in any subsequent amended Complaint, which are in dispute and properly submitted to a Jury for determination.

Respectfully,


<u>/s/ John H. Faro</u>
John H. Faro, Esq.


8

Attorney For Plaintiff
Florida Bar No. 527,459

Faro & Associates
Quest Workspaces – 2nd Floor
999 Vanderbilt Beach Road
Naples, FL   34108

Email:    Johnf75712@aol.com

Phone    239, 221-3639
         305, 761-6921 (cell)
Fax      305, 726-0029

9