UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PAPPALARDO, an individual

      Plaintiff,

v.                                                  Case No:   2:17-cv-346-FtM-99CM

SAMANTHA STEVINS, GREEN LIFE
MEDICINALS LLC and GREEN LIFE
PATENTS LLC,

      Defendants.

_____/

**ORDER**[1]

    This matter comes before the Court on *sua sponte* review of the Complaint.  (Doc. 1).  The best the Court can discern, Plaintiff Michael Pappalardo brings this case for a judicial dissolution of the corporate defendants under Florida Statute § 605.0702 and for a declaration that the pending U.S. patent application SN 15/275,597 is void by fraud. Pappalardo alleges the Court's subject matter jurisdiction over this case is based on diversity of citizenship and federal question.

    Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

410 (11th Cir. 1999).  In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving jurisdiction.  *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007).  Notably, a plaintiff cannot rely solely on the federal Declaratory Judgment Act as it does not confer jurisdiction upon federal courts. *See Stuart Wietzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008).  An independent basis of jurisdiction is needed.  For Pappalardo, the independent bases of federal subject matter jurisdiction are diversity of citizenship and federal question.  The Court will address each jurisdictional basis in turn.

**A.  Diversity of citizenship**

Federal courts have original jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  In addition to not pleading any amount in controversy,[2] the diversity of citizenship prong poses a jurisdictional hurdle for Pappalardo.

To start, Pappalardo falls short of establishing his citizenship.  Although he states that he resides in Pennsylvania, an individual is a citizen where he is domiciled – not where he is a resident.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (stating "domicile" is

---

[2] When a plaintiff relies on diversity jurisdiction in a suit for declaratory relief, "the amount in controversy is the monetary value of the object of litigation from the plaintiff's perspective). . . . [And] the plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (internal citation omitted).

not necessarily synonymous with "residence," and "one can reside in one place, but be domiciled in another").   An individual's domicile is "the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257 (internal quotation omitted).   Here, Pappalardo cannot rely on his allegation that he resides in Pennsylvania to show that he is also domiciled there.   Without more, the Court is not convinced that it has subject matter jurisdiction.

Further, to the extent that Pappalardo is a member of both corporate defendants, then there is no diversity of citizenship between the parties.   A limited liability company ("LLC"), like Defendants Green Life Medicinals LLC and Green Life Patents LLC, is a citizen of every state in which one of its members is located.   *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).   This means that a plaintiff must plead the citizenship of each member of the limited liability company. *Id.* at 1023.   And each member of the LLC must be diverse from the plaintiff.   *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).   Here, Pappalardo claims to have co-founded the corporate defendants and to be their co-managing member.   (Doc. 1 at 2; Doc. 1-2; Doc. 1-3).   Thus, the Court is not convinced that complete diversity exists between Pappalardo and the corporate defendants.

Accordingly, the Court lacks diversity of citizenship jurisdiction.

## B. Federal question jurisdiction

A district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   This includes cases arising under patent laws.   *See* 28 U.S.C. § 1338; *MDS Inc. v. Rad Source Tech.,*

*Inc.*, 720 F.3d 833, 841 (11th Cir. 2013) (stating "[t]he Supreme Court has explained that section 1338 must be interpreted in tandem with the statute that grants federal question jurisdiction, . . . because both statutes use the term 'arising under'" (citations omitted)). Pertinent here, jurisdiction conferred by § 1338,

> extend[s] only to those cases in which a well-pleaded complaint establishes that federal patent law creates the cause of action . . . or that a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and judicial responsibilities.

*MDS Inc. v. Rad Source Tech., Inc.*, 720 F.3d 833, 841 (11th Cir. 2013).

Pappalardo maintains that this Court has federal question jurisdiction because in Count III[3] he seeks a declaratory judgment in that (1) the assignments of the patent application from Pappalardo to Green Life Medicinals to Green Life Patent is fraudulent and thus void; and (2) Defendant Samantha Stevins' declaration of co-inventorship annexed to the patent application is fraudulent and violates 28 U.S.C. § 2001.[4]  The Court disagrees for the following reasons.

First, Pappalardo requests the Court to declare Stevin's declaration of co-inventorship annexed to the relevant patent application fraudulent under Florida Statute

---

[3] The Complaint labels the last two counts both as "Count II."  For ease of reference, the Court will refer to the last count as "Count III."  And, to complicate matters, the Complaint gives both Counts II and III the heading of "declaratory judgment."  But it appears that only Count III is the declaratory judgment; Counts I and II are requests for judicial dissolution of the corporate defendants.  Under any reading of the Federal Rules of Civil Procedure, the Complaint is not plain, straightforward, and drafted carefully.

[4] Pappalardo cites to 28 U.S.C. § 2001 in bringing this action.  But the statute governs the forced sale of "realty and interests" by the judiciary, and not fraud or patents.

§ 86.011 and 28 U.S.C. § 2001.  (Doc. 1).  This request amounts to a modification of inventorship on the patent application.   At first blush, it would appear the Court has jurisdiction to hear Pappalardo's claims. *See HIF Bio Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F. 3d 1347, 1355 (Fed. Cir. 2010) ("Patent inventorship is indisputably a question of federal patent law."); *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1325 (Fed. Cir. 2009) (holding a claim for declaratory relief under Fla. Stat. 86.011 can be "treated . . . as [the] functional equivalent [] of actions formally brought pursuant to [35 U.S.C.] § 256.").  But a close read of the Complaint suggests otherwise.   The Complaint refers to the "US patent applicant SN 15/275,597 (filed September 26, 2017),"[5] but there is no indication that the Patent and Trademark Office has issued the patent for Pappalardo's alleged invention.   As best the Court can tell, Pappalardo's patent application is still pending.  This is relevant because only the Director of the Patent and Trademark Office can modify inventorship on a pending patent application.  *See* 35 U.S.C. § 116.   In other words, that section of patent law "does not provide a private right of action to challenge inventorship of a pending patent application." *HIF Bio*, 600 F.3d at 1354; *but see* 35 U.S.C. § 256 (providing "the court . . . may order correction of the [issued] patent on notice and hearing of all parties concerned.").   Without an issued patent for the invention, any modification to the inventorship falls within the Director of the Patent and Trademark Office's authority – not this Court's authority.

Next, Pappalardo wants to void the assignments of the patent application for fraud. A state law claim that turns on a federal patent question may grant a federal court

---

[5] Because September 26, 2017, has yet to occur, the Court can only assume that Pappalardo means the previous year.

jurisdiction. *HIF Bio*, 600 F.3d at 1354. The federal question must be substantial, and it must be a "necessary element of the well-pleaded claims." *Id.* The "federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated it is given another." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.*

Here, Pappalardo fails to establish that a substantial federal question makes up an essential element of the state law claim of fraud in order to void the assignments. An assignment of a patent application is akin to transferring ownership of the patent to the assignee. *See Jim Arnold Corp. v. Hydrotech Sys. Inc.*, 109 F.3d 1567, 1577 (Fed. Cir. 1997). And disputes of ownership, unlike inventorship, are state law claims. *See id.* (stating "an action to rescind or cancel an assignment is a state law claim, [and] absent diversity jurisdiction it is to a state court that plaintiff must look"); *see also Kauser v. BioHorizons, Inc.*, 753 F.3d 1263, 1269 (Fed. Cir. 2014); *Beghin-Say Intern., Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1571 (Fed. Cir. 1984) (stating there is no federal jurisdiction when the state claim is an action "involving interpretation of a contract between parties" and deciding "[w]hether the contract themselves constituted assignments [of a patent]"). Thus, Pappalardo's attack on the assignment is a mere attempt to reinstate and declare his sole ownership of the invention and the patent application. This is insufficient for federal question jurisdiction.

In conclusion, Pappalardo has not met his burden of establishing either federal question or diversity of citizenship jurisdiction. Because this Court lacks either

jurisdictional form, it need not consider whether it will exercise any supplemental jurisdiction.  At bottom, the Court lacks subject matter jurisdiction over this case.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. 1) is **DISMISSED without prejudice**.  Plaintiff Michael Pappalardo has up to and including **August 3, 2017**, to file an amended complaint that properly alleges this Court's subject matter jurisdiction.  **Failure to do so will result in this case being dismissed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of July 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record