UNITED STATES DISTRICT COURT
For The
MIDDLE DISTRICT OF FLORIDA
(Ft. Myers Div.)

Case No. 2:17-CV-FtM-99CM

MICHAEL PAPPALARDO, (An Individual)

(Plaintiff)

vs.

SAMANTHA STEVINS, ESQ. (An Individual)

(Defendant(s))

**AMENDED COMPLAINT
FOR DAMAGES AND DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

The Plaintiff, Michael F. Pappalardo, (hereinafter also "PAPPALARDO" or "INVENTOR"), by counsel, alleges for his Complaint, against the Defendants, Samantha Stevins, Esq., ("STEVINS"), upon knowledge, with respect to his own acts, and upon information and belief, as to all other matters, as follows:

**Nature of the Action**

This is an action for fraud, (**Count I**), negligent misrepresentation, (**Count II**)**,** and declaratory relief (**Count III**), under state law.  The gravamen of the Amended Complaint PAPPALARDO against STEVINS, is the STEVINS inducement of PAPPALARDO, acting through her patent attorney, to designate STEVINS as a "joint inventor" of the PAPPALARDO technology and inventions, thereby unknowingly causing PAPPALARDO's loss of exclusive rights to make, use and exploit the PAPPALARDO technology and inventions, under Federal Law,

1

(**35 USC §262**)

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question – patent laws of the United States), 28 USC 1332 (diversity of citizenship), 28 U.S.C. §1338 (patent laws of the United States), 28 U.S.C. §1367 (supplemental jurisdiction), and principals of ancillary and pendent jurisdiction.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), §1391(c), and otherwise because, among other things, both the Defendant, personally resides in this judicial district; and a substantial part of the events, giving rise to this action, occurred in this judicial district.

### Parties

3. The Plaintiff, Michael F. Pappalardo, is an individual, a citizen of Pennsyslania, residing in the city of Hawley, Pennsyslania.  Mr. Pappalardo's CV is annexed hereto as **Exhibit "A".**

4. The Defendant, Smantha Stevins is an individual, a citizen of Florida, residing in the city of Naples, Florida.  Stevins, by education, training and experience. is an atttorney admitted to practice in Florida, having offices in Ft. Myers and Naples, Florida.  Ms. Stevins education, credentials, and professional experience, is summarized in her *on-line Bio*, which is annexed hereto as **Exhibit "B".**

**Background Facts**

5.     At all times material hereto, PAPPALARDO was <u>unrepresented</u> by independent legal counsel, in his dealings with STEVINS; and, was <u>discouraged</u> by STEVINS to engage independent legal counsel.

6.     The Plaintiff, PAPPALARDO, has over his professional career, which has spanned more than twenty-five (25) years, been involved, in the pharmaceutical industry.  More specifically, since 1992, (from date of receipt of his BS degree), he was employed intitailly as a *Research Scientist*, in *Pharmaceutical Development*; and, thereafter, as a *Product Manager*, for international drug companies engaged in the development of proprietary pharmaceutical products, specifically, solid, (tablets and powder), and liquid drug formulations.

7.     The Defendant, STEVINS, is an attorney admitted to practice in Florida.  Upon informatin and belief does not have any scientific training and/or experience in creation, development and/or marketing pharmaceutical products.

8.     In May 2016, PAPPALARDO met STEVINS at a pharmaceutical products trade show, <u>in Las Vegas</u>, where PAPPALARDO disclosed to STEVINS, in general terms, <u>his</u> product concept for a pharmaceutical product, and <u>his</u> desire to commercialize same.

9.     At this May 2016, meeting, and in subsquent meetings/communications thereafter, between STEVINS, (residing in Florida) and, PAPPALARDO, (residing in Pennsylvania), STEVINS represented to PAPPALARDO that <u>she</u> had access to funding, from <u>her</u> network of investors, who were looking for technology investments in the pharma technology space, <u>which was false</u>.

10.    In reliance upon the foregoing STEVINS representations of access to captial from <u>her</u> network of investors, who were looking for technology based investments in the pharma

technology space, PAPPALARDO expressed interest in both meeting with, and in making a presentation of his product concept, to the STEVINS' network of investors.

11. Nothwithstanding, PAPPALARDO's interest, as set forth in Paragraph (10) above, PAPPALARDO had concerns, which he expresed to STEVINS; to preserve his inventions and technology <u>confidential</u>, whereupon STEVINS recommended the filing of a patent application, to protect confidentiality and PAPPALARDO's proprietary interests.

12. STEVINS recommended the filing of a patent application, through an attorney in Naples of her choosing, with whom she had a professional relationship.

13. STEVINS agreed to share in the payment of the attorney fees and costs, in return for her being designated as a "joint inventor" of the PAPPALARDO, on the inventor's oath or declaration *Declaration*, under **35 USC §115**, (which was to accompany patent application filing) STEVINS *Declaration* of "joint inventor" annexed hereto as **Exhibit "C"**"

14. A patent applicatoin, in the joint names of PAPPALARDO amd STEVINS was subsequently submitted, in their joint names, on shortly thereafter on September 26, 2017, U.S. patent application SN 15/275,597. This patent application <u>is and remains pending,</u> as of the time of the filing of this Amended Complaint.

## **COUNT I**
### (*Fraud*)

15. PAPPALARDO herein incorporates by reference Paragraphs 3-14, inclusive, as if restated herein, and alleges further:

16. At the initial meeting between PAPPALARDO and STEVINS in May 2016, meeting, and in subsquent meetings/communications thereafter, STEVINS affirmatively

4

represented to PAPPALARDO, that she had a "network" of investors who had an interest in the PAPPALARDO technology and inventions, which was false.

17. STEVINS knew that her statements, as set forth in Paragraph (16) to PAPPALARDO, relative to her "network" of investors, and/or her assurances as to her access to investor capital, to fund the development of the PAPPALARDO technology and inventions, were false when such statements were made, or STEVINS made such statements, and gave assurance of access to investor capital to PAPPALARDO, knowing she was without knowledge of their truth or falsity, and thereby made in wreckless disregard of the accuracy thereof.

18. STEVINS made the represesentations, as set forth in Paragraph (16) to PAPPALARDO, intending that the PAPPALARDO rely and act upon such false represesentations, <u>to induce</u> PAPPALARDO (a) <u>to refrain/discontinue</u> his pursuit of alternative sources of the capital/investors to fund the development of the PAPPALARDO technology and inventions, (b) <u>to disclose</u> his confidential and proprietatary information, relative to the PAPPALARDO technology and inventions, to STEVINS; (c) <u>to file a US patent application,</u> through a patent attorney of STEVINS choosing; and, (d), to agree (on September 26, 2017), to the STEVINS's patent attorney naming STEVINS <u>as a joint inventor,</u> based <u>solely</u> upon her contribution to her attorney fees and costs.

19. STEVINS knew, on September 26, 2017, that her patent attorney designation of STEVIS, as a "joint inventor", as set forth in Paragraph (18), permitted STEVINS to make, use and exploit of the PAPPALARDO technology and inventions, as descived and claimed in U.S. patent application SN 15/275,597, <u>independent of PAPPALARDO and without accounting to PAPPALARDO,</u> (*35 USC §262*). STEVINS Declaration of herself as a "joint inventor" of the of the PAPPALARDO technology and inventions, annexed hereto as **Exhibit "C".**

20.     PAPPALARDO justifiably relied upon STEVINS represesentations, as set forth in Paragraph (16), and, acted in reliance thereof, as set forth in Paragraph (18), thereby unknowingly relinquished his exclusive ownership and control to the PAPPALARDO technology and inventions.

21.     As a direct and proximate result the PAPPALARDO loss of exclusive ownership and control to the PAPPALARDO technology and inventions to STEVINS, STEVINS has and continues, independent of PAPPALARDO, attempted to <u>independently</u> to exploit the PAPPALARDO technology and inventions, <u>to the exclusion of PAPPALARDO, and without accounting to PAPPALARDO.</u>

22.     As a direct and proximate result of the STEVIS acts and/omissions, as set forth above in Paragraphs 17 to 21 inclusive, PAPPALARDO suffered damages in excess of $75,000, or according to proof.

WHEREFORE, the PAPPALARDO requests the Court instruct the jury to find that PAPPALARDO suffered damages as a direct and proximate result of the STEVINS fraud upon PAPPALARDO, award PAPPALARDO damages. of not less than $75,000, as actual and consequential damages.

## COUNT II
### (*Negligent Representation*)

23.     PAPPALARDO herein incorporates by reference Paragraphs 3-14 and 15 to 22, inclusive, as if restated herein, and alleges further.

24.     At the initial meeting between PAPPALARDO and STEVINS in May 2016, meeting, and in subsquent meetings/communications, thereafter, STEVINS affirmatively represented to PAPPALARDO, that she had a "network" of investors who had an interest in the PAPPALARDO technology and inventions, were false.

25. At the time STEVINS affirmatively represented to PAPPALARDO, that STEVINS had a "network" of investors who had an interest in the PAPPALARDO technology and inventions, was negligent in making such represemtations, because STEVINS should have known that such representations was false.

26. As a direct and proximate result of the STEVIN acts and omissions as set forth in Paragraph 24 to 26, inclusive, PAPPALARDO unknowingly relinquished exclusive ownership and control to the PAPPALARDO technology and inventions to STEVINS, and STEVINS has thereafter, independent of PAPPALARDO, attempted to independently to exploit the PAPPALARDO technology and inventions, <u>to the exclusion of PAPPALARDO, and without accounting to PAPPALARDO</u>

27. As a direct and proximate result of the STEVIS negligence, as set forth above in Paragraphs 22 to 26, inclusive, PAPPALARDO suffered damages in excess of $75,000, or according to proof.

WHEREFORE, the PAPPALARDO requests the Court instruct the jury to find that PAPPALARDO suffered damages as a direct and proximate result of the STEVINS negligence, and award PAPPALARDO damages. of not less than $75,000, as actual and consequential damages.

### COUNT II
**Declaratory Judgment**
(*Fla Stat §86.011* et seq.,)

28. PAPPALARDO herein incorporates by reference Paragraphs 3-14 and 24 to 26, inclusive, as if restated herein, and alleges further:

29. The subject matter claimed in US patent application SN 15/275,597 (filed September 26, 2017), was conceived by PAPPALARDO, <u>prior to</u> his first meeting with STEVINS in May 2016; and, was his **sole** and exclusive intellectual property.

30. At no time did STEVINS independently conceive any of the inventions described and claimed in US patent application SN 15/275,597.

31. At no time did STEVINS jointly collaborate with PAPPALARDO in the conception any of the claimed inventions in US patent application SN 15/275,597.

32. PAPPALARDO was advised by STEVINS, which was confirmed by the patent attorney selected by her, that STEVINS <u>contribution to the attorney fees</u> for the preparation and filing of a patent application for the claimed inventions in US patent application SN 15/275,597, entitled her to be named as a joint inventor with PAPPALARDO, <u>which was false</u>

33. On September 19, 2016, each of PAPPALARDO and STEVINS seperately executed <u>individual Declarations</u>, asserting under penalty of perjury (18 USC 1001), that each of them were "***an original inventor or original joint of the claimed invention in this application***" (US Patent application SN 15/275,597)

34. PAPPALARDO disputes that STEVINS made any individual contribution to any of the claimed inventions in US patent application SN 15/275,597.

35. PAPPALARDO disputes that STEVINS made any joint contribution to any of the claimed inventions in US patent application SN 15/275,597

36. Thus, there exists an actual and justiciable controversy between the parties, relative to the inappropriate *Declaration* of STEVINS as an "original inventor" and/or "joint inventor" of the subject matter claimed in U.S. Patent application SN 15/275,597.

WHEREFORE, PAPPALARDO requests the Court find and declaration that

(a) The STEVINS contribution to the payent of attorney fees and costs does not entitle STEVINS to be named as an inventor of any claimed invention in US Patent Application SN 15/275,597; and/or

(b) The STEVINS Declaration of inventorship does not conform to the requirements of *35 USC 115*, because it falsely states that she is "an original inventor or original joint of the claimed invention in US Patent Application SN 15/275,597.

## JURY TRIAL DEMAND

PAPPALARDO herein demands a Jury Trial, as to all factual matters, raised by the allegations in this Complaint, and in any subsequent amended Complaint, which are in dispute and properly submitted to a Jury for determination.

Respectfully,

/s/ John H. Faro
John H. Faro, Esq.
Attorney For Plaintiff
Florida Bar No. 527,459

Faro & Associates
Naples Suites – 2nd Floor
999 Vanderbilt Beach Road
Naples, FL   34108

Email:   Johnf75712@aol.com

Phone   239, 221-3639
        305, 761-6921 (cell)
Fax     305, 726-0029

9

**EXHIBIT "1"**
*(PAPPALARDO'S CV)*

**EXHIBIT "2"**
*(STEVIN'S "On-Line" Bio)*

**EXHIBIT "3"**
*(STEVIN'S Declaration of Inventorship)*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically, and/or was sent by E-Mail to all counsel or parties of record listed below, not otherwise of entitled to receive an electronic copy thereof from the Court, this 28th day of July 2017.

                                      Respectfully,

                                      /s/John H, Faro, Esq.
                                      FBN 527,459

DISTRIBUTION:

Ashley Dillman Bruce, Esq.
Email: ADBruce@bergersingerman.com