UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

CASE NO. 2:17-cv-00346-UA-CM

MICHAEL PAPPALARDO,

     Plaintiff,

v.

SAMANTHA STEVINS, ESQ.

     Defendant.

_____/

## DEFENDANT SAMANTHA STEVINS, ESQ.'S
## MOTION TO DISMISS AMENDED COMPLAINT

Defendant, SAMANTHA STEVINS, ESQ, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves to dismiss the Amended Complaint [ECF No. 11] filed by Plaintiff, MICHAEL PAPPALARDO, because the Amended Complaint is riddled with grammatical and typographical errors that render it incomprehensible and woefully short of sufficiently stating claims upon which relief can be granted.  Ms. Stevins further states:

1. **The infirmities in the Amended Complaint persist notwithstanding the Court's *sua sponte* dismissal.**

On July 20, 2017, the Court dismissed the Complaint, *sua sponte*, on numerous grounds. [ECF No. 8], including that there is no district court jurisdiction to modify the inventorship in a pending patent application.  Indeed, the Court was very clear:  35 U.S.C. § 116 "does not provide a private right of action to challenge inventorship of a pending patent application."  ECF No. 8, p 5.  Yet this is exactly what Count III of the Amended Complaint seeks to do.

## ☰ BERGER SINGERMAN

350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301
*t:* 954-525-9900  *f:* 954-523-2872

Moreover, the Court noted in its Order, "[u]nder any reading of the Federal Rules of Civil Procedure, the Complaint is not plain, straightforward, and drafted carefully." ECF No. 8, n. 3 (noting two counts of the Complaint labelled as "Count II," wherein both Counts were labeled "declaratory judgment," but one was for corporate dissolution).   The Court further noted Plaintiff's recital of 28 U.S.C. § 2001, which had nothing to do with fraud or patents or the case in general (*see id.* at n.4) as well as Plaintiff's reference to a date, September 26, 2017, which "has yet to occur."  Notwithstanding the Court's frustration, the current version of Plaintiff's pleading suffers from the same, or worse, carelessness and ambiguity.

For example, there are, once again two counts labeled "Count II."   Nearly every paragraph contains grammatical and typographical errors, making it very difficult to decipher what it is Plaintiff is attempting to allege.  Examples abound: Ms. Stevins's name is misspelled repeatedly ("Stevis," ¶¶ 9, 22, 27; "Stevin," ¶ 26), common words are completely botched ("Pennsyslania," ¶ 3, "atttorney," ¶ 4, "intitailly," ¶ 6, "informatin," ¶ 7, "subsquent," ¶ 9, "captial," ¶ 10, "Nothwithstanding," ¶ 11, "amd," ¶ 14, "represesentations," ¶ 18, "descived," ¶ 19, "represemtations," ¶ 25), and the grammatical text is largely unintelligible ("of the Papparlardo," ¶ 19, "of the of," ¶ 19, "proximate result the Pappalardo loss," ¶ 21, "attempted to independently to exploit," ¶ 21).  These defects permeate the Amended Complaint, creating numerous ambiguities that make it difficult to accurately frame a response.

Plaintiff's drafting carelessness also affects the substance of the pleading.  As discussed below, his fraud and negligent misrepresentation claims are so logically twisted that they cannot possibly be interpreted to state a claim against Ms. Stevins.  Those claims appear to be premised on nothing more than a stream of thought about various interactions Plaintiff had with Ms. Stevins.  There is no causal link between misstatements attributed to Ms. Stevins and any

2

damages.  In fact, as stated below, there are no damages to substantiate this lawsuit, which should, again, be dismissed.

##### 2.  Counts I (Fraud) and II (Negligent Misrepresentation) fail to plead damages.

Common law fraud and negligent misrepresentation involve more or less the same elements of proof:   (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention to induce another to act on the representation; and (4) *consequent injury* by the party relying on the representation.  *Johnson v. Davis,* 480 So. 2d 625, 627 (Fla. 1985) (emphasis added); *Hasenfus v. Secord,* 962 F.2d 1556 (11th Cir. 1992). The difference between the claims is slight in that for fraud, a plaintiff must show that the defendant made a knowing false statement, whereas for negligent misrepresentation, a failure to ascertain the truth or falsity of the representation will suffice.  *Id.* at 1561 (citing *Emerson Electric Co. v. Farmer,* 427 F.2d 1082, 1087–88 (5th Cir. 1970) (applying Florida law)).

Importantly, "actual damages is an element of an action for fraud."  *See Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004) ("actual damages is an element of an action for fraud").  And a plaintiff who has not been actually damaged, or whose damages are speculative, has no claim for fraud or negligent misrepresentation.  *See*, *e.g.*, *Soltero v. Swire Dev. Sales, Inc.*, 08-20260-CIV, 2010 WL 11506701, at *2 (S.D. Fla. Apr. 19, 2010), *aff'd,* 485 Fed. Appx. 377 (11th Cir. 2012) (explaining that "actual injury is an element of both fraud and negligent representation" and "[i]f no harm is shown, an action on either theory fails on the merits").

As a pretext for establishing federal diversity jurisdiction, Plaintiff summarily asserts that he has been damaged in excess of $75,000.  But those damages allegedly arise because Plaintiff

3

was induced to "relinquish[] exclusive ownership and control" over the applied-for patent to Ms. Stevins, who, as co-owner, may be free under 35 U.S.C. § 262 to make, use, offer to sell and sell the patented invention. But the patent has not been, and may never be, issued.  Further, the patent has not been, and may never be, monetized.   Accordingly, Plaintiff has clearly not been "damaged."  At best, *if* the patent application continues to be prosecuted, and *if* the patent issues, and *if* the patented technology is ever used, licensed or sold, Plaintiff *might* someday be damaged by having to share the benefits of the patent with Ms. Stevins.  But as of today, he has not.  In other words, Plaintiff's claims are predicated on pure speculation.  He does not have, and cannot state, a claim for fraud or negligent misrepresentation.  Counts I and II should be dismissed.

### 3.  Counts I (Fraud) and II (Negligent Misrepresentation) fail to plead causation.

"If a plaintiff claims to be misled, but cannot demonstrate a causal connection between the defendant's conduct and the plaintiff's misapprehension, the plaintiff cannot recover." *Humana, Inc. v. Castillo*, 728 So. 2d 261, 265 (Fla. 2d DCA 1999).   Stated differently, "fraud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud."  *Simon*, 883 So. 2d at 833.  Similarly, a negligent misrepresentation requires that the injury result from the plaintiff "acting in justifiable reliance upon the misrepresentation."  *Id*.

As explained above, Plaintiff has not asserted a valid fraud or negligent misrepresentation claim because he has not been damaged.   Even assuming, *arguendo*, he was, Plaintiff's claims fail because the alleged false representation is not causally connected to his claimed damages.

Specifically, as explained above, Plaintiff alleges he was damaged because he relinquished exclusive ownership and control over the applied-for patent.  But his fraud and negligent misrepresentation claims plead that the reason he agreed to identify Ms. Stevins as a

4

co-inventor are not because she misrepresented anything, but rather because she agreed to share in paying the legal fees associated with the patent. *See* AC ¶ 13 ("Stevins agreed to share in the payment of the attorneys' fees and costs in return for her being designated as a 'joint inventor'"); AC ¶ 18 (alleging that he agreed to name Ms. Stevins as a joint inventor "based <u>solely</u> upon her contribution to (sic) her attorney fees and costs." AC ¶ 18 (emphasis in original). Thus, Plaintiff has not pled a causal connection between his alleged damages and any false statements by Ms. Stevins. *See, e.g.*, *Stroud v. Crosby*, 712 So. 2d 434, 436 (Fla. 2d DCA 1998) (finding "no evidence to support a finding that the [plaintiffs] based their erroneous assumptions on any representations made by [defendant] or any agent on his behalf").

In the Amended Complaint, Plaintiff references supposed statements by Ms. Stevins that she had access to a "network of investors" who could help market and monetize the putative patent. *See* AC ¶¶ 9, 16, 24. But these statements are not alleged to have caused his asserted damage, i.e. relinquishing control over the patent. Rather, the "sole" cause of that damage, as set forth above, was Ms. Stevins' agreement to pay a share of the attorneys' fees and costs. AC ¶ 18; *see* AC ¶ 13.

Indeed, Ms. Stevins' alleged statement concerning access to a "network of investors" is at least two steps removed from any asserted damages. In particular, in ¶ 11, Plaintiff alleges that the reason he agreed to file for a patent in the first place was because of "concerns . . . to preserve his inventions and technology confidential," not because of Ms. Stevins' "network of investors." Thus, statements attributed to Ms. Stevins concerning access to a network of investors, even if made and even if not true, only caused Plaintiff to file for a patent because he was concerned about protecting the technology. But the alleged "network of investors" comment is not what is alleged to have caused Plaintiff to "relinquish exclusive ownership and control"

≡ BERGER SINGERMAN

350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301
*t:* 954-525-9900  *f:* 954-523-2872

over the applied-for patent; rather, as explained above, Ms. Stevins' agreement to contribute to the attorneys' fees was the alleged cause of that.

In sum, Plaintiff fails to establish a nexus between Ms. Stevins' alleged misstatements and alleged damages, and Counts I and II should therefore be dismissed.

**4.  There is no subject matter jurisdiction over Count III (Declaratory Judgment)**

As the Court stated in its prior Order, only the Director of the U.S. Patent Office can modify inventorship on a pending patent application.  In other words, 35 U.S.C. § 116 "does not provide a private right of action to challenge inventorship of pending patent application."  ECF No. 8, p. 5.   While Plaintiff attempts to disguise his claim as one requesting a declaration that Ms. Stevins' inventorship declaration is false, he is literally asking the Court to correct inventorship in the pending patent application.  The Court does not have the authority to do so, and Count III should again be dismissed.  ECF No. 8 at pg. 5 (citing *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1354 (Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010) (dismissing declaratory judgment claim under Rule 12(b)(6) because the complaint failed to allege a cause of action upon which relief could be granted)).

**WHEREFORE**, Defendant, Samantha Stevins, Esq., respectfully requests that this Court dismiss all claims asserted by Plaintiff, with prejudice, award her attorneys' fees under 35 U.S.C. § 285, and for such other relief as this Court deems just and proper.

Dated:  August 25, 2017

6

≡ BERGER SINGERMAN

350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301
*t:* 954-525-9900  *f:* 954-523-2872

8021684-4

Respectfully submitted,

BERGER SINGERMAN LLP
Counsel for Defendant Stevins
350 East Las Olas Blvd, Suite 1000
Fort Lauderdale, FL  33301
Telephone:     (954) 525 9900


By: */s/ Matthew S. Nelles*
Matthew S. Nelles (FBN 009245)
mnelles@bergersingerman.com
Ashley Dillman Bruce (FBN 55718)
adbruce@bergersingerman.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on John H. Faro, Esq. of Faro & Associates, by E-mail: johnf5712@aol.com.

By: */s/ Matthew S. Nelles*
Matthew S. Nelles

7

8021684-4