UNITED STATES DISTRICT COURT
For The
MIDDLE DISTRICT OF FLORIDA
(Ft. Myers Div.)

Case No. 2:17-CV-FtM-99CM

MICHAEL PAPPALARDO, (An Individual)

(Plaintiff)

vs.

SAMANTHA STEVINS, ESQ. (An
Individual)

(Defendant(s)

**PAPPALARDO OPPOSITION
TO STEVINS' MOTION TO DISMISS (ECF 17)
AMENDED COMPLAINT (ECF 9-1)**

The Plaintiff, Michael F. Pappalardo, (hereinafter also "PAPPALARDO" or "INVENTOR"), by counsel, herein notices and serves the *Pappalardo Opposition To Stevins' Motion To Dismiss (ECF 17) .Amended Complaint (ECF9-1).*

Introduction – The Plaintiff, Michael F. Pappalardo, (PAPPALARDO), has for over a period of more than twenty (20) years, been employed in the various technical and management positions in pharmaceutical industry; and, incident thereto, has acquired experience in delivery systems (e.g. powders., liquids and aerosols) for administration of pharmaceutically active compounds.   The technology involved in this lawsuit is his invention of a process for converting an oil (cannabis oil) into a fine dispersible power, while retaining its pharma kinetic properties. The Defendant, Samantha Stevins, (STEVINS) – an attorney -  has a very public interest in the cannabis industry, Stevins website page "About the Attorney" page annexed hereto as **Exhibit**

**"A".**   When she met PAPPALARDO, STEVINS recognized that his invention could advance <u>her</u>

<u>interests</u>; and, convinced him that she was "connected" to an investor network interested in

technology in the pharma space, <u>which was false</u>.

    <u>The Complaint</u> – The claims against STEVINS are straight forward, she would help him

get the development funds for his invention, and they would jointly exploit his invention.   The

development capital from the STEVINS investor network never materialize.   In the preliminary

stage of "getting ready to get ready", PAPPALARDO and STEVINS jointly filed a patent

application, as co-inventors.   PAPPALARDO and STEVINS jointly paid the patent attorney and

Patent Office filing fees.   STEVINS told PAPPALARDO that the sharing of the patent application

expenses entitled her to be named a co-inventor, <u>which was false</u>.

    The allegations of Amended Complaint are based upon two (2) pedestrian claims: Fraud

(Count I) and Negligent Representation (Count II).   Both request the same relief – money damage

in excess of $75,000 – the precise amount to be establish from an economic analysis by valuation

experts, using economic models for exploitation of the PAPPALARDO invention.

MEMORANDUM IN OPPOSTION

    **Standard of Review** - The sufficiency of the Plaintiffs' Complaint is determined by a

review of the Complaint, in its <u>entirety</u>; and, requires consideration of <u>both</u> text, and the Exhibits

annexed thereto, in determining the adequacy thereof, *Miranda v. Ocwen Loan Servicing, LLC,*

148 F.Supp.3d 1349, 1353 (DC SD FLA -  2015)

> "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are
> to be accepted as true and the court limits its consideration to the pleadings <u>and exhibits</u>
> attached thereto.' " *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir.2000)
> (quoting *GSW, Inc. v. Long Cty.,* 999 F.2d 1508, 1510 (11th Cir.1993)). All "reasonable
> inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cty.,* 285 F.3d 1334,
> 1337 (11th Cir.2002).

2

With respect to compliance at to the compliance with the Rule 8 "notice" requirements, the text and exhibits, as referenced in the Complaint, need only , provide sufficient *"facial plausibility....that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1957 (2007).   The cases citing to *Twombly* have indicated that the "*reasonable inference*" include interpretation of the pleadings "in context".

I.       *Actual Damages Have Been Plead With Sufficient Specificit*y - Clearly, in the case of emerging technology, valuation of the PAPPALARDO's <u>loss of his exclusive right</u> to his invention, cannot be calculated on the back of a paper napkin; and, PAPPALARDO's good faith estimate of his damages in excess of $75,000, is sufficient to put STEVINS on notice of the gravity of the claim against her, under Rule 8 of the Federal Rules of Civil Procedure.   To the extent Florida State law conflicts with Rule 8, it should be ignored c.f. *McFarland v. Conseco Life Ins. Co.*, 2009 WL 3231634 (DC MD Fla  2009), citing *Cohen v. Office Depot, Inc*., 184 F.3d 1292 (11th Cir 1999)

II.       *Joinder Of Stevins As A :"Joint" or "Co-Inventor" On The Patent Application for the PAPPALARDO Invention Has Subtantially Diminished The Value Of The PAPPALARDO Interest In His Own Inventiom* – The patent law is clear, and well-know to STEVINS (an attorney), that each inventor named on patent application can exploit (e.g. commercialize or license the invention to 3rd parties), <u>without accounting</u> to the other co-inventor, *35 USC §362*.  Accordingly, the STEVINS Declaration as a "joint inventor (Exhibit "C" to Amenmded Complaint), creates the requisite <u>nexus</u> between the fraudulent conduct and the harm or loss alleged to have been suffered

by PAPPALARDO.   This nexus satisfies the requisite harm for both Counts I & II.   Accordingly, the pleading of a Count I & II adequately state a claim for relief.

In summary, the pleadings adequately apprise STEVINS of the claims asserted against her, and are sufficient to state a claim for relief.

On a personal note, I apologize to the Court, and to STEVIN's counsel, for the inadequacy of my proof reading of the *Amended Complaint*.   On February 6, 2017, I was involved in a cycling accident and sustained various injuries, including serious injuries to my lumbar spine.   I underwent surgery on April 24th for a multiple laminectomy, which was marginally successful; and, the residual effects of the surgery (nerve root trauma), are disruptive of sleep patterns, effecting my concentration.

Respectfully,


/s/ John H. Faro
John H. Faro, Esq.
Attorney For Plaintiff
Florida Bar No. 527,459

Faro & Associates
Naples Suites – 2nd Floor
999 Vanderbilt Beach Road
Naples, FL   34108

Email:   Johnf75712@aol.com

Phone   239, 221-3639
            305, 761-6921 (cell)
Fax       305, 726-0029

Exhibit "A"

Case 2:17-cv-00346-SPC-CM   Document 18   Filed 09/06/17   Page 6 of 7 PageID 144



**SAMANTHA STEVINS**
Attorney At Law

**239-300-4417**

HOME    PRACTICE AREAS    ABOUT THE ATTORNEY    THE OFFICE    CONTACT



CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed

electronically, and/or was sent by E-Mail to all counsel or parties of record listed below, not

otherwise of entitled to receive an electronic copy thereof from the Court, this 6th day of

September, 2017.

Respectfully,


/s/John H, Faro, Esq.
FBN 527,459

DISTRIBUTION:

Ashley Dillman Bruce, Esq.
Counsel for Defendant

Email: ADBruce@bergersingerman.com

6