UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PAPPALARDO, an individual

    Plaintiff,

v.                                              Case No: 2:17-cv-346-FtM-38CM

SAMANTHA STEVINS,

    Defendant.
_____/

### **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Samantha Stevins, Esq.'s Motion to Dismiss the Amended Complaint (Doc. 17), and Plaintiff Michael Pappalardo's response in opposition (Doc. 18). For the following reasons, the Court grants Stevins' motion.

### **BACKGROUND**

This case involves a pending patent application in which Stevins allegedly induced Pappalardo to name her as a joint inventor. About seventeen months ago, Pappalardo met Stevins at a pharmaceutical trade show where Pappalardo told Stevins about his concept for a product. (Doc. 11 at ¶ 8). Stevins told Pappalardo that she knew investors. (Doc. 11 at ¶¶ 9-10). But when Pappalardo expressed concerned about keeping his

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

invention confidential, Stevins recommended that he file a patent application. (Doc. 11 at ¶¶ 11-12). Stevins even offered to pay the attorney's fees and costs for the application if he named her as a joint inventor on the patent. Pappalardo agreed, hiring the attorney who Stevins recommended and filing a patent application with the United States Patent and Trademark Office ("PTO").[2] (Doc. 11 at ¶¶ 12, 14). The application – which remains pending today – names Pappalardo and Stevins as joint inventors. (Doc. 11 at ¶ 14).

Relations soured between Pappalardo and Stevins when Stevins' investors never materialized. (Doc. 18 at 2). Pappalardo, in turn, filed this action against Stevins and others for fraud, negligent misrepresentation, and a declaratory judgment. (Doc. 1). The Court initially dismissed the original complaint for lack of subject matter jurisdiction. (Doc. 8). Pappalardo then filed an Amended Complaint against Stevins only (Doc. 11), which she now moves to dismiss for failure to state a claim and lack of jurisdiction (Doc. 17).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8, a plaintiff is required to provide a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Although the complaint need not make detailed factual allegations, it must provide more than labels, conclusions, and formulaic recitations of the elements of the cause of action. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). What is more, a plaintiff alleging fraud, like here, must go one-step further and "state with particularity the circumstances constitute fraud or mistake." Fed. R. Civ. P. 9(b). A pleading thus satisfies satisfy Rule 9(b) if it alleges

---

[2] The Amended Complaint states Pappalardo filed the patent application on "September 26, 2017." (Doc. 11 at ¶ 14). Because the Amended Complaint precedes that date, the Court can only assume Pappalardo means the previous year.

2

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making it (or, in the case of omission, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants "obtained as consequence of the fraud."

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted).

At the pleading stage, Rules 8 and 9 are read in conjunction with Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But this preferential standard of review does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Twombly,* 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

Before considering Stevins' arguments that Pappalardo has failed to state plausible claims, the Court will decide her challenge to whether it has subject matter

3

jurisdiction, *i.e.*, federal question and/or diversity of citizenship, over this case. The Court will start with federal question.

A district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This includes cases arising under patent laws. *See id.* § 1338; *MDS Inc. v. Rad Source Tech., Inc.*, 720 F.3d 833, 841 (11th Cir. 2013) (stating "[t]he Supreme Court has explained that section 1338 must be interpreted in tandem with the statute that grants federal question jurisdiction, . . . because both statutes use the term 'arising under'" (citations omitted)).

Here, Pappalardo alleges the Court has federal question jurisdiction over Count III[3] because the claim hinges on a pending patent. In Count III, he asks the Court to declare that (1) Stevens' declaration of inventorship falsely labels her as an original joint inventor (Doc. 11-3); and (2) her paying the attorney's fees and costs for the patent application does not make her an inventor *per se*. But, as the Court previously stated (Doc. 8), it lacks the authority to make either declaration at this time. This is because the patent is still pending before the PTO. Patent law "does not provide a private right of action to challenge inventorship of pending patent applications." *HIF Bio Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F. 3d 1347, 1355 (Fed. Cir. 2010). Only the PTO director can modify inventorship on the pending application. Without an issued patent, this Court thus lacks the jurisdiction to hear Count III. *See* 35 U.S.C. § 256 (providing "the court . . . may order correction of the [issued] patent on notice and hearing of all parties concerned.").

---

[3] The Amended Complaint labels the last two counts both as "Count II." For ease of reference, the Court will refer to the last count as "Count III." (Doc. 11).

Next, Pappalardo claims that Stevins committed fraud and negligent misrepresentation, both state law claims, by telling him that she had access to investors. And he alleges the Court has diversity of citizenship jurisdiction over these claims. Federal courts have original jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, although Pappalardo and Stevins are citizens of different states, Pappalardo makes the conclusory statement that his damages exceed $75,000 based on the "loss of his exclusive right" to his invention. (Doc. 18 at 3). But such a loss hinges on whether the PTO issues the patent and names Stevins the inventor. The damages thus are speculative at best and contingent on a matter for which the Court lacks the authority to consider. Even setting aside this jurisdictional defect, the Court is hard-pressed to find that Pappalardo has adequately plead damages and causation – both elements needed to state an actionable claim for fraud and negligent misrepresentation – with the requisite particularity. See *Johnson v. Davis*, 480 So. 2d 625, 628 (Fla. 1985); *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla. 1984).

In conclusion, because the Court lacks subject matter jurisdiction, it must dismiss this case.

Accordingly, it is now

**ORDERED:**

(1) Defendant Samantha Stevin, Esq.'s Motion to Dismiss Amended Complaint (Doc. 17) is **GRANTED**. The above-captioned case is **dismissed**.

(2) The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of October 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record